588 F.2d 543
 The UNION LIGHT, HEAT AND POWER COMPANY, Petitioner,
v.
U. S. DISTRICT COURT, Respondent.
4-R CORPORATION, Richard J. Schilling, Ronald Schilling,
Richard J. Schilling, Jr. and Raymond Scott
Schilling, Petitioners,
v.
U. S. DISTRICT COURT, Respondent.
STERLING LIGHTING, Division of Scovill Manufacturing Co.,
Inc., Petitioner,
v.
U. S. DISTRICT COURT, Respondent.
 Nos. 78-3442, 78-3444 and 78-3447.
 United States Court of Appeals,
Sixth Circuit.
 Decided Dec. 6, 1978.
Argued Oct. 31, 1978.
 
 C. R. Beirne, Beirne & Wirthlin, Michael A. Fulton, Cincinnati, Ohio, James R. Poston, The Cincinnati Gas & Elec. Co., Cincinnati, Ohio, for petitioner in No. 78-3442.
 Ralph F. Mitchell, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, for petitioners in No. 78-3444.
 Jack E. Ruck, Barnett & Alagia, Louisville, Ky., for petitioner.
 Lawrence A. Kane, Jr., Dinsmore, Shohl, Coates & Deupree, Cincinnati, Ohio, for respondent.
 Before EDWARDS, ENGEL and MERRITT, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Several defendants seek a writ of mandamus in this case which arises from the Beverly Hills Supper Club fire on May 28, 1977, in Northern Kentucky. Some 250 people died or were injured in the fire. They have filed suit against a large number of defendants. Most of the plaintiffs who do not reside in Kentucky have filed diversity actions in the Federal District Court for the Eastern District of Kentucky. The plaintiffs who are Kentucky residents have filed suit in the Circuit Court of Campbell County, Kentucky. All the federal cases are assigned to District Judge Rubin, and the state cases are assigned to Circuit Judge Diskin. These two judges are working together to adjudicate the cases.
 
 
 2
 District Judge Rubin has set one of the cases, a class action case, for trial first. The trial is currently set in February 1979, on the issue of liability against eight of the defendants. Three defendants have petitioned this court for a writ of mandamus seeking an order requiring Judge Rubin to postpone the trial in the federal cases until the state cases are decided. They also seek to review the District Judge's class action certification, as well as his rulings, and his postponement of certain rulings, on issues of diversity jurisdiction.
 
 
 3
 We conducted a special, expedited hearing on October 31, 1978, on the petition for writ of mandamus and heard argument by counsel for the parties, including counsel for District Judge Rubin. On the basis of the pleadings, the argument of counsel and the record before us, it appears that the District Judge and the state trial judge are sensitive to the issues of federalism and considerations of comity which are present in this case. They have held hearings jointly on some pre-trial motions and are cooperating in establishing discovery and trial schedules. When unresolved issues of state law have arisen, the federal judge has properly deferred to the rulings of the state court. The federal and the state judges appear to be coordinating their activities so as to avoid conflict between the two judicial systems. Additionally, the Kentucky Supreme Court has recently adopted a procedure for certification of any open question of Kentucky law "by the Supreme Court of the United States, any Court of Appeals of the United States, or the highest appellate court of any other state or the District of Columbia." Rule 76.37 Certification of Question of Law (1978). This rule should serve to allow this court to insure that no federal court interpretation of Kentucky law in these cases becomes final before final decision on the same issue by the Supreme Court of Kentucky.
 
 
 4
 The prerogative writs of mandamus and prohibition are extraordinary remedies which may only be used "in exceptional circumstances amounting to a judicial usurpation of power." Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967); Kerr v. United States District Court, 426 U.S. 394, 402-03, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); Will v. Calvert Fire Ins. Co., 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978) ("the decision whether to (stay the federal proceeding and) defer to the concurrent jurisdiction of a state court is . . . a matter committed to the District Court's discretion"). The principles announced in the two Will cases are controlling, and on the question of deferring to concurrent state court jurisdiction, the facts of the second Will case are somewhat analogous. The allegations of the parties and the record on appeal in the instant case do not disclose conduct by the District Judge which meets the test of "judicial usurpation." Based on the record now before us, the District Judge appears to be managing this complex litigation with forbearance and restraint while acting decisively to adjudicate the issues expeditiously and fairly.
 
 
 5
 Accordingly, the petition for writ of mandamus is denied.