UNITED STATES of America, Plaintiff,

v.

**WESTERN ELECTRIC COMPANY, INC., and American Telephone and Telegraph Company, Defendants.**

UNITED STATES of America, Plaintiff,

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, et al., Defendants.**

Civ. A. No. 82–0192.
Misc. No. 82–0025 (PI).

United States District Court,
District of Columbia.

Dec. 21, 1983.

---

James P. Denvir, Michael F. Altschul, Luin P. Fitch, J. Philip Sauntry, Jr., Richard Levine, U.S. Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Howard J. Trienens, Jim G. Kilpatric, John D. Zeglis, Francine Berry, New York City, for defendants.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

As part of its approval of the proposed consent decree, the Court allowed the intervention of third parties, granting them the right to participate in further proceedings in this Court and the right to appeal from this Court's decisions. *United States v.* *AT & T,* 552 F.Supp. 131, 219 (D.D.C.1982), *aff'd sub nom. Maryland v. United States,* — U.S. —, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983).[1] This action was taken pursuant to a clause in the Tunney Act which provides that the Court, in making its public interest determination, "may ... authorize full or limited participation in proceedings before the court ... including ... intervention ...." 15 U.S.C. § 16(f)(3). Following the grant of intervention rights, well over one hundred intervenors participated in the proceedings. A number of them filed voluminous briefs and other papers on a variety of issues, several participated in hearings conducted by this Court, and others took appeals to the U.S. Supreme Court.

This intervention status was never intended to exist in perpetuity: the Court stated as early as August 1982, that intervention was to end following the disposition of the plan of reorganization.[2] As the Court subsequently explained,[3]

> The Court has no wish to be engaged on a long-range basis in oversight either of the divestiture or of the operations of the various components of the Bell System; such an oversight role would not be consistent with the principle of proper judicial restraint; and the kind of interference which it implies would not be fair to those who will manage AT & T and the Operating Companies....

The purposes for which intervention was granted (see note 2 *supra*) have now all been fulfilled. On an appeal taken by several intervenors, the Supreme Court on February 28, 1983, affirmed this Court's decision on the decree; the plan of reorganization was approved, following full participation by the intervenors, on August 5, 1983; and on another appeal taken by inter-

---

1. Prior to that time, third parties had already been informally granted rights equivalent to those available to them under the intervention order. See 552 F.Supp. at 218–19.

2. The Court ruled that the rights of intervenors would include (1) the right to appeal the entry of the decree; (2) the right to participate fully in the Court proceedings regarding the plan of reorganization; and (3) the right to appeal the

Court's decision concerning the plan of reorganization. The Court then added, "[I]ntervenor status will terminate thereafter." *United States v. AT & T, supra,* 552 F.Supp. at 219.

3. *United States v. Western Electric Co.,* 569 F.Supp. 1057, 1119–20 (D.D.C.1983), *aff'd,* — U.S. —, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983).

venors, the Supreme Court last week affirmed this Court's decision on the plan of reorganization. The reorganization of the Bell System will, of course, take place on January 1, 1984.

In light of these events, it is now necessary that a new balance be struck—between unwarranted interference with the operations of the various Bell System units, on the one hand, and the need for continued enforcement of the decree, on the other. See *United States v. AT & T, supra,* 552 F.Supp. at 219. This balance will be achieved as follows.

Under sections VII [4] and VIII(I) [5] the Court retains jurisdiction to enforce the decree and to take various other actions with respect thereto at the request of the Department of Justice, AT & T, or any of the Operating Companies, as well as on the Court's own motion. The Court will, of course, honor these provisions.

Insofar as third parties are concerned, they will hereafter no longer enjoy the rights of intervenors. Third parties will, however, still be able to respond to motions filed by the parties,[6] and they will also have the ability to seek enforcement of the decree in this Court, albeit on a much more limited basis than heretofore, as follows. Direct requests for enforcement will not be entertained by the Court. However, if a third party applies for specific enforcement to the Department of Justice [7] and thereafter demonstrates to the Court that, although the application is meritorious, the

Department has refused, in bad faith, to commence enforcement proceedings, the Court will consider the application. This procedure will leave most routine enforcement problems raised by third parties to the Department of Justice, and it will endow the decisions of that Department with respect to third party enforcement requests with a substantial presumption of correctness.

Accordingly, it is this 21st day of December, 1983, ORDERED:

1. An interested third party, whether or not it has heretofore been granted intervenor status, which believes that AT & T or an Operating Company is not complying with the decree or the plan of reorganization, may serve upon the Department of Justice an application for enforcement. "Enforcement" means the construction or carrying out of the decree and the plan of reorganization, enforcement of compliance therewith, and punishment of any violation thereof.

2. In the event that the Department of Justice fails to take action in response to such application, the interested third party may apply to the Court for appropriate action under the decree and the plan of reorganization, provided that such party demonstrates that the application for enforcement is meritorious and is accompanied by an affidavit alleging facts with particularity which, if true, would demon-

---

**4.** Section VII of the decree provides:

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Modification of Final Judgment, or, after the reorganization specified in section I, a BOC to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Modification of Final Judgment, for the modification of any of the provisions hereof, for the enforcement of compliance herewith, and for the punishment of any violation hereof.

**5.** Section VIII(I) of the decree provides:

The Court may act *sua sponte* to issue orders or directions for the construction or carrying out of this decree, for the enforce-

ment of compliance therewith, and for the punishment of any violation thereof.

**6.** The views of third parties will be particularly useful to the Court when it is asked by the Department of Justice, AT&T or an Operating Company to modify the decree or to construe its terms.

**7.** The Department of Justice has substantial enforcement powers under the decree, and it was always intended to be the primary enforcement agency. Thus, for purposes of determining and securing compliance, the Department is authorized under section VI to compel the production of information and documents from AT&T and the Operating Companies, and under section VII to apply to this Court for orders to enforce compliance with the decree.

**680**

strate bad faith by the Department of Justice.

3. Upon the receipt of such an application, the Court will determine what proceedings, if any, should be conducted in response thereto.

4. The intervention status of all third parties is terminated, except that, until further order of the Court, those which have heretofore been granted intervenor status shall continue to be served with all papers filed with the Court by AT & T, the Department of Justice, and the Operating Companies, and they shall continue to have the opportunity to respond thereto.

5. This order shall take effect on January 1, 1984.

UNITED STATES of America, Plaintiff,

v.

WESTERN ELECTRIC COMPANY, INC. and American Telephone and Telegraph Company, Defendants.

UNITED STATES of America, Plaintiff,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY, et al., Defendants.

Civ. A. No. 82–0192.
Misc. No. 82–0025 (PI).

United States District Court,
District of Columbia.

Dec. 28, 1983.

James P. Denvir, Michael F. Altschul, Luin P. Fitch, J. Philip Sauntry, Jr., Richard Levine, U.S. Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Howard J. Trienens, Jim G. Kilpatric, John D. Zeglis, Francine Berry, New York City, for defendants.