**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**ERNST & WHINNEY, Defendant.**

**Nos. 89–5073, 89–6364.**

United States Court of Appeals, Sixth Circuit.

Submitted July 19, 1990.

Decided Dec. 17, 1990.

Deborah Ruth Kant, Douglas Letter, U.S. Dept. of Justice, Civ. Div. Appellate Staff, Washington, D.C., for F.B.I. and U.S.

Harry S. Mattice, Miller & Martin, Chattanooga, Tenn., John L. Douglas, F.D.I.C., Washington, D.C., Michael C. Spencer, Milberg, Weiss, Bershad, Specthrie & Lerach, Knoxville, Tenn., for F.D.I.C.

John W. Wheeler, Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, Tenn., Howard A. Ellins, Julia Brickell, Davis, Polk & Wardell, New York City, Daniel F. Kolb, Washington, D.C., for Ernst & Whinney.

Before MARTIN and MILBURN, Circuit Judges, and HOLSCHUH, Chief District Judge.[*]

BOYCE F. MARTIN, Jr., Circuit Judge.

The Federal Bureau of Investigation petitions for a writ of mandamus requiring the district court to vacate its October 5, 1989, order which required the Bureau to turn over an index of documents, identifying matters occurring before a grand jury, to parties in a civil action.

[*] The Honorable John D. Holschuh, Chief United States District Judge for the Southern District of

The lawsuit which spawned the controversy before us is an action brought by the Federal Deposit Insurance Corporation against the accounting firm of Ernst & Whinney. The FDIC action maintains, *inter alia*, that Ernst & Whinney engaged in negligent accounting practices and professional malpractice in connection to its audits of several Tennessee banks either owned by or related to banks owned by C.H. Butcher, Sr., and his family.

The Butchers' banking empire was, and still is, the subject of a criminal investigation known as MAYBAN. The MAYBAN investigation involved grand jury investigations and trial proceedings.

On April 8, 1988, Ernst & Whinney served a subpoena duces tecum on the Bureau demanding the production of documents pertaining to the criminal investigation of the Butcher banking empire. Those documents requested included items relating to 134 individuals and organizations connected with the Butcher banking failure. The Bureau moved to quash the subpoena on the basis of several governmental privileges which bar the disclosure of those matters which have occurred before a grand jury. The principal basis relied upon to bar disclosure was Rule 6(e) of the Federal Rules of Criminal Procedure.

Rule 6(e) provides, in relevant part:

**Rule 6. The Grand Jury**

**(e) Recording and Disclosure of Proceedings.**

. . . .

**(2) General Rule of Secrecy. . . .** [A]n attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

**(3) Exceptions.**

Ohio, sitting by designation.

. . . .

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

The Bureau's challenge to the subpoena was referred to a United States magistrate who ruled that he could not assess the Bureau's assertion of privilege without an index describing the documents. The Bureau objected to the magistrate's order, and thereafter, the district court rejected those objections but remanded the dispute to the magistrate to determine if an easier method of producing the index could be fashioned.

On December 21, 1988, the magistrate held a status hearing to resolve the difficulties in producing the index. At the hearing, the Bureau offered a sample of the index to the magistrate *in camera* which the magistrate unsealed and showed to attorneys for Ernst & Whinney. On December 27, 1988, the magistrate ordered the Bureau to file an index of the subpoenaed documents with the magistrate and the parties—despite the Bureau's request to file the index *in camera*. The order required that the index identify which documents were obtained through grand jury subpoenas.

The Bureau objected to the order and moved to file the index *in camera* or to stay the compliance deadline pending district court or appellate review of the order. Concerned that the district court was not going to review the motion before the compliance deadline, the Bureau moved for an emergency stay pending mandamus review of the magistrate's order and filed a petition for a writ of mandamus in this Court. On January 24, 1989, the stay was granted by this Court. Eventually, we vacated the stay and denied the mandamus petition to give the district court the opportunity to review and rule upon the Bureau's motion.

On October 5, 1989, the district court adopted the magistrate's order compelling the Bureau to file the index without the *in camera* protection sought by the Bureau. The district court stayed its ruling, however, to allow the Bureau to again seek appellate review of its rulings.

The Bureau sought from this Court a writ of mandamus and also filed a notice of appeal from the district court's October 5th order. On August 28, 1990, this Court determined that the district court's order constituted an appealable, collateral order under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). On September 7, 1990, this Court combined the mandamus action and appeal.

■ We now find that the order of August 28, 1990, which determined that the district court's order constituted an appealable, collateral order was in error. Although there is some authority in other circuits which would support the determination that the October 5th order was appealable under *Cohen, see, e.g., In re Rafferty,* 864 F.2d 151 (D.C.Cir.1988), the law in this circuit seems to foreclose this avenue of appeal. *See United States v. James T. Barnes & Co.,* 758 F.2d 146 (6th Cir. 1985); *Butcher v. Bailey,* 753 F.2d 465, 471 (6th Cir.1985); *Dow Chemical Co. v. Taylor,* 519 F.2d 352 (6th Cir.1975) (district court's discovery order is not appealable under the "collateral order doctrine").

■ However, there is clear authority in this circuit that jurisdiction rests under a petition for mandamus. In *EEOC v. K-Mart Corp.,* 694 F.2d 1055 (6th Cir.1982) we held that mandamus was an available means to review a discovery order which raised, "questions of unusual importance necessary to the economical and efficient administration of justice." *K-Mart Corp.,* 694 F.2d at 1061 (quoting *In re April 1977 Grand Jury Subpoenas,* 573 F.2d 936, 940 (6th Cir.1978), *cert. denied sub nom. General Motors Corp. v. United States,* 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492

(1979)). The sanctity of the grand jury as a means of criminal investigation is so widely known that citation to any authority is unnecessary. As an investigative arm of the court its proceedings have always been conducted in secret. The district court's order of October 5th appears to threaten this longstanding policy and, therefore, requires this Court to exercise its mandamus power because it is a matter that affects the efficient administration of justice.

■ We are mindful that our review of the district court's order is constrained because this case is before us on a petition for writ of mandamus. The writ of mandamus has been traditionally used to confine an inferior court to its lawful exercise of jurisdiction. *Schlagenhauf v. Holder*, 379 U.S. 104, 109–10, 85 S.Ct. 234, 237–38, 13 L.Ed.2d 152 (1964); *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). The writ can be issued where there is an usurpation of judicial power or a clear abuse of discretion. *Schlagenhauf*, 379 U.S. at 110, 85 S.Ct. at 238; *Union Light, Heat & Power Co. v. U.S. District Court*, 588 F.2d 543, 544 (6th Cir.1978), *cert. dismissed sub nom. Union Light, Heat & Power Co. v. Rubin*, 443 U.S. 913, 99 S.Ct. 3103, 61 L.Ed.2d 877 (1979). Moreover, a party seeking mandamus has "the burden of showing that its right to the issuance of the writ is 'clear and undisputable.'" *Bankers Life and Casualty Company v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953) (quoting *United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899)); *In re Bendectin Products*, 749 F.2d 300, 303 (6th Cir.1984); *In re Post-Newsweek Stations Mich. Inc.*, 722 F.2d 325, 329 (6th Cir.1983).

■ Finding that we have jurisdiction, we now grant the writ of mandamus. Federal Criminal Procedure Rule 6(e)(2)'s general prohibition of disclosure of matters occurring before a federal grand jury represents a strong and longstanding policy designed to promote the candid and free testimony of witnesses who appear before a grand jury. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 432, 103 S.Ct.

3133, 3142, 77 L.Ed.2d 743 (1983); *United States v. Procter & Gamble*, 356 U.S. 677, 681–82, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958); *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir.1988). Consequently, exceptions to the general rule are made only in cases of compelling necessity—"where there is proof that without access to the grand jury materials, a litigant's position would be 'greatly prejudiced' or 'an injustice would be done.'" *United States v. Procter & Gamble*, 356 U.S. at 681–82, 78 S.Ct. at 986.

■ A private party seeking disclosure of grand jury material pursuant to Fed.R. Crim.P. 6(e)(3)(C)(i) has the burden of showing a compelling necessity for that material—that is, (a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979); *In re: Grand Jury Proceedings*, 841 F.2d at 1268; *Cullen v. Margiotta*, 811 F.2d 698, 715 (2d Cir.1987). We have noted that a litigant must make this showing "[b]efore a decision in favor of disclosure can be made...." *In re Grand Jury Proceedings*, 841 F.2d at 1268.

■ While we recognize that the district court has wide discretion to decide whether the need for secrecy predominates or the need for disclosure predominates, the discretion is predicated on the district court being properly seized of the question by the movant's demonstration of a particularized need. In the case before us, Ernst & Whinney has merely subpoenaed grand jury documents from the Bureau. They have not made any particularized showing as required in *Douglas Oil*.

■ The fact that the grand jury documents are relevant or that production of them by the Bureau would expedite civil discovery or reduce expenses for the parties is insufficient to show particularized need when the evidence can be obtained through ordinary discovery, *i.e.*, subpoenaing the documents from other sources, or

pursuing other routine avenues of investigation. *Cullen v. Margiotta*, 811 F.2d at 715; *see United States v. Sells Engineering*, 463 U.S. at 431, 103 S.Ct. at 3141–42. We note that where, as here, the grand jury investigation is ongoing, the need for secrecy will be difficult to overcome by a litigant seeking grand jury materials.

■ We note that although the subpoenaed documents requested by Ernst & Whinney were originally prepared for business purposes, we have held that those documents are presumed to be matters occurring before the grand jury for the purpose of Fed.R.Crim.P. 6(e). *In re Grand Jury Proceedings*, 851 F.2d 860, 867 (6th Cir.1988). Ernst & Whinney may rebut that presumption by demonstrating that the documents are public or were not obtained by coercive means or that discovery would not otherwise be available by civil discovery and would not reveal the nature, scope, or direction of the grand jury inquiry. *Id.* Ernst & Whinney has failed to rebut this presumption and, therefore, the subpoenaed documents are presumed to be matters occurring before the grand jury which require a demonstration of a particularized need before disclosure. *Id.*

■ Apparently, the magistrate ordered the creation of an index of grand jury materials to assess Ernst & Whinney's need for those materials. That is putting the cart before the horse. Ernst & Whinney must show its need prior to any scrutiny of the grand jury's operations. Moreover, even if a party meets its heavy burden of showing particularized need, any index of the grand jury's documents or processes provided to the district court or magistrate is not, as ordered here, to be made public or available to the moving party. Such a practice would violate the concept of grand jury secrecy by allowing civil litigants to peer into the grand jury's processes, including those having nothing to do with the litigation at hand. In this case the public disclosure of the indices of grand jury proceedings could lead to a viewing of grand jury affairs that the secrecy rules were designed to prevent.[1]

The writ of mandamus is granted. The order of October 5, 1989 is set aside and the matter is remanded to the district court in conformity with this opinion.

---

1. The thrust of the government's objection is to the filing of a public index which identifies certain documents as ones obtained pursuant to grand jury subpoenas. The government has no objection to an index that does not identify the grand jury as a source of the documents, so long as the index already filed *in camera* relating to the documents obtained through sources other than the grand jury remains *in camera*. It agrees that an index which does not identify the source of the documents will not run afoul of Rule 6(e). It also points out that once Ernst & Whinney studies such an index and indicates which documents it still wants, the government will still be able to raise any applicable privileges which, if necessary, can be litigated.