**In re Terry L. COLLINS, Warden, et al., Petitioners.**

No. 95–3861.

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 8, 1995.

Decided Nov. 1, 1995.*

Todd R. Marti, Office of the Attorney General of Ohio, Columbus, OH, for Petitioners.

Before: CONTIE, NELSON, and RYAN, Circuit Judges.

PER CURIAM.

■ Petitioners—the warden of the Southern Ohio Correctional Facility, the State of Ohio through the Ohio Department of Rehabilitation and Correction, and the four defendants in this prisoner's civil rights action— seek a writ of mandamus directing the district court to vacate two pretrial discovery orders providing that the plaintiff be permitted to attend the defendants' depositions. The district court submitted a copy of its docket sheet in response to the petition. On September 14, 1995, the court directed responses to the petition, and plaintiff has filed a response opposing the relief sought by petitioners. Discovery rulings that raise "questions of unusual importance necessary to the economical and efficient administration

---

* This order was originally issued as an "unpublished order" filed on November 1, 1995. On January 3, 1996, the court designated the opinion as one recommended for full-text publication.

of justice" may be reviewed in mandamus. *Federal Deposit Insurance Corp. v. Ernst & Whinney,* 921 F.2d 83, 85 (6th Cir.1990). This case poses such a question.

Plaintiff is an inmate at the Southern Ohio Correctional Facility. The prison is the state's maximum security prison and houses the state's most dangerous and disruptive inmates. The prison was the site of a prison riot in April of 1993 in which nine inmates and a prison guard were killed. Plaintiff initiated this civil rights action against four correction officers employed at the prison, asserting violations of his constitutional rights when they allegedly beat him and threw him down a set of stairs. Plaintiff sought to depose the four defendants at the prison facility. The defendants objected to plaintiff's presence at the depositions on the grounds of increased security risks and costs. On June 13, 1995, the district court granted plaintiff's motion to compel his attendance at the depositions. The defendants, at that time, relied solely on general security concerns in opposing plaintiff's motion to compel. Thus, there was no evidence before the court that plaintiff was a security risk. After the court's ruling, defendants moved to alter or amend the order, submitting substantial evidence of the security risk posed by plaintiff. The district court denied the motion to alter or amend, finding that it was untimely and that defendants failed to submit sufficient evidence to permit amendment of the order. Due to the compelling nature of the evidence submitted by the defendants, the district court abused its discretion in denying the motion to alter or amend the June 13 order.

■ Plaintiff has an extensive history of violent behavior since he entered prison in February of 1992. He has been found guilty of fighting eight times and of threatening the staff three times. Since 1992, he has been found guilty of disobeying a direct order of prison officers or staff seventeen times and of instigating disturbances twelve times. In 1993, while incarcerated at the Lebanon Correctional Institution, plaintiff instigated a very serious disturbance involving twelve other inmates which resulted in the disruption of three prison ranges and significant property damage. In addition, plaintiff has been verbally abusive and threatening both in his criminal proceedings in the district court and during disciplinary proceedings at the prison. On November 23, 1993, the day of the alleged incident giving rise to plaintiff's civil rights claims, plaintiff was removed from a special prison disciplinary proceeding due to his violent outburst against the disciplinary officials.

■ Plaintiff has no constitutional right to attend the depositions of the defendants in this action. *Holt v. Pitts,* 619 F.2d 558, 560–61 (6th Cir.1980). As stated by the Supreme Court

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now 28 U.S.C. § 1654] to parties in all courts of the United States to "plead and manage their own causes personally."

*Price v. Johnston,* 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). In determining whether to permit an inmate to attend pretrial depositions in a civil case the court must consider the interests of the inmate and the prison officials. The relevant factors include the costs and security risks involved in transporting the inmate to the deposition site and in maintaining his presence at the deposition, the importance of the testimony of the deponent to the claims alleged, the need for the inmate to be physically present during the deposition, the inmate's individual security history, general security issues, and the availability of alternative means to accommodate the concerns of both the inmate and the prison officials. The district court should weigh all of the relevant factors in exercising its discretion.

The defendants submitted compelling evidence demonstrating that the presence of plaintiff at the depositions would pose a security risk and a threat to the integrity of the prison. Plaintiff, as an incarcerated individual, should demonstrate that his "physical presence will contribute significantly to a fair adjudication of his claims." *Holt v. Pitts,* 619

F.2d at 561. Although plaintiff argues that his presence at the depositions is essential, the state has agreed to provide counsel access to plaintiff during the course of the depositions. Because of the compelling interest of the state in maintaining security at its penal institutions and plaintiff's extensive history of violent and disruptive behavior, the district court's orders will be vacated.

In light of this conclusion, we need not address the petitioners' argument that the district court lacks jurisdiction over Warden Collins, plaintiff's custodian, and thus could not order him to produce plaintiff at the depositions, or their argument that the Eleventh Amendment prevents the court from issuing injunctive relief against the state.

It therefore is **ORDERED** that the petition for a writ of mandamus is granted and the district court is directed to deny plaintiff's motion to compel and to vacate the orders of June 13, 1995, and August 9, 1995, compelling plaintiff's attendance at defendants' depositions.