RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0486p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 07-1486

JON RUTHERFORD and JUDITH BUGAISKI,

*Defendants,*

WAYNE COUNTY,

*Movant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-51002—Marianne O. Battani, District Judge.

Submitted: November 27, 2007

Decided and Filed: December 17, 2007

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Thomas P. Bruetsch, Christine E. Ficks, BODMAN LLP, Detroit, Michigan, for Appellant. Patricia G. Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. In this case, Wayne County appeals the district court's denial of its petition for the release of materials used in a grand jury indictment. We conclude that FED. R. CRIM. P. 6(e)(3)(E)(i), pertaining to the disclosure of grand jury documents, cannot be used to mandate such release. As a result, we AFFIRM the district court's decision, although on different grounds than those stated by the district court.

I.

Jon Rutherford was the president and CEO of Metro Emergency Services, Inc. and DPR Management, which provided mental health care to residents of Wayne County, MI. Judith Bugaiski was the Controller of Metro Emergency Services. On April 21, 2006, a federal grand jury in

Michigan indicted Rutherford and Bugaiski on twenty-two counts of criminal conspiracy, income tax evasion, and fraud. In September of that same year, Wayne County filed a civil suit against Metro Emergency, DPR, Rutherford, and Bugaiski alleging embezzlement, larceny, conversion, conspiracy, breach of contract, breach of fiduciary duty, and unjust enrichment, and sought to recover funds it administered through the Detroit-Wayne County Community Mental Health Agency. Both suits alleged that Rutherford and Bugaiski had diverted these funds for private use.

Wayne County filed an Emergency Petition for Release of Documents pursuant to FED. R. CRIM. P. 6(e)(3)(E)(i) in district court on November 11, 2006. Wayne County requested each of the fifty-three documents the government had identified in a May 5, 2006 discovery notice, including income tax returns, federal tax returns, articles of incorporation, and bank account records. The government, Rutherford, and Bugaiski objected to the Petition.

The district court held a hearing on the matter on December 5, 2006, and issued an opinion and order on January 8, 2007 denying Wayne County's petition. The district court concluded that because the documents were requested under FED. R. CRIM. P. 6(e)(3)(E)(i), they were presumed to be "matters occurring before the grand jury" under FED. R. CRIM. P. 6(e)(2)(B) and therefore could not be disclosed. Because Wayne County failed to rebut that presumption or show a compelling necessity for the material, the court did not compel release of the documents.

The district court also analyzed the facts based on *Federal Deposit Ins. Corp. v. Ernst & Whinney*, concluding that disclosure was not required because Wayne County did not prove that it was unable to obtain the requested documents through civil discovery or other investigative means. 921 F.2d 83, 87 (6th Cir. 1990). Wayne County filed a Motion for Reconsideration on January 23, 2007, arguing that the district court erred by applying the wrong legal test to the request for grand jury materials. The district court denied the motion on April 3, 2007. On appeal, Wayne County again argues that we should reverse the district court because it used the incorrect test.

II.

A district court's denial of a motion for disclosure of grand jury materials is reviewed for abuse of discretion. *See In re Grand Jury Subpoenas*, 454 F.3d 511, 515 (6th Cir. 2006). A district court abuses its discretion "when it applies the incorrect legal standard [or] misapplies the correct legal standard." *Deja Vu of Cincinnati v. Union Twp. Bd. of Trustees*, 411 F.3d 777, 782 (6th Cir. 2005).

Upon review of the original documents in *Ernst & Whinney* and the case cited for the legal standard therein, *In re Grand Jury Proceedings*, 851 F.2d 860, 867 (6th Cir. 1988), we find that the opinion contains a typographical error. The section should read that in order to rebut the presumption that documents are grand jury materials and therefore must be kept secret, the moving party should show that "the information is public or was not obtained through coercive means or that disclosure *would be otherwise available* by civil discovery and would not reveal the nature, scope, or direction of the grand jury inquiry." This makes good sense: if material is otherwise available by civil discovery, there is no reason to treat it as protected. Although the district court applied the wrong legal standard in the case at hand, we affirm the decision because the court's ultimate conclusion is correct: the government should not be forced to produce the documents.

III.

The government first argues that "it is not clear" that the district court's opinion and order is appealable, citing *Ernst & Whinney*. That case, however, involved a discovery order in an ongoing civil matter. Wayne County argues that jurisdiction is proper here because unlike in *Ernst & Whinney*, Wayne County filed its petition as an independent action, not as part of an ongoing civil

matter. We agree that the district court's denial of its petition was a final appealable order under 28 U.S.C. § 1291. *See In re Grand Jury Proceedings at Chattanooga*, 649 F.3d 387, 388 (6th Cir. 1981) (concluding that an order to transfer grand jury transcripts from the District Court for the Eastern District of Tennessee to the District Court of Arizona was a final appealable order). Jurisdiction is therefore proper because the district court's order resolved the only controversy between the parties to an independent, plenary dispute.

## IV.

It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions. *In re Grand Jury Subpoenas*, 454 F.3d at 521. Documents obtained by the grand jury such as the documents here are presumed to be "matters occurring before the grand jury" and therefore protected from disclosure. *Id.*; FED. R. CRIM. P. 6(e)(2)(B). Mere contact with a grand jury, however, does not change every document into a matter "occurring before a grand jury" within the meaning of Rule 6. A moving party has the opportunity to rebut the presumption by showing that the information is "public or was not obtained through coercive means or that disclosure would be otherwise available by civil discovery and would not reveal the nature, scope, or direction of the grand jury inquiry." *Grand Jury Proceedings*, 851 F.2d at 866-67. If the result of this first inquiry is that the documents are considered matters occurring before the grand jury, then the court must progress to a second inquiry, which asks whether the movant can demonstrate a particularized need for the documents. *See Ernst & Whinney*, 921 F.2d at 86-87. If so, the documents may be disclosed; if not, they must remain secret. *See id.* Wayne County argues that it does not need to demonstrate a particularized need for the documents because the documents were not "matters occurring before the grand jury" in the first place, and therefore not protected by FED. R. CRIM. P. 6(e)(2)(B).

Wayne County concedes that it is not entitled to the documents obtained by grand jury via coercion. As for the rest of the documents, we assume that Wayne County is correct that they do not qualify as grand jury documents. We do not agree, however, that this conclusion compels their disclosure. Rule 6(e)(2)(B) is a prohibitory rule that prevents the government from disclosing grand jury matters except in limited circumstances. It does not authorize third parties to obtain grand jury materials from the government against the government's objections without a proper device for compelling the documents, such as a subpoena duces tecum. In other words, the fact that the documents are not matters occurring before the grand jury means that they *may* be disclosed notwithstanding Rule 6(e)(2)(B), not that they *must* be disclosed.

Wayne County contends that *In re Grand Jury Proceedings* supports the proposition that non-grand jury matters must be disclosed to a third party who requests them under Rule 6(e)(2)(B). This is not true. In *Grand Jury*, the Treasury Department asked for an order giving it permission to obtain grand jury documents, and a third party objected to that disclosure. 851 F.2d at 862. The case at hand is a different scenario: here, a third party is attempting to obtain grand jury documents, not prevent disclosure to another department of government. While the third party in *In re Grand Jury Proceedings* was using Rule 6(e)(2)(B) to keep grand jury materials from being disclosed, the third party in this case is using Rule 6(e)(2)(B) to mandate that they be disclosed. The rule does not go so far.

Our decision in *Ernst & Whinney* accords with this conclusion. In *Ernst & Whinney*, as in this case, a third party sought disclosure of documents pertaining to a grand jury investigation. 921 F.2d at 84. The difference in that case, however, is that the third party properly sought to obtain the documents by obtaining a subpoena duces tecum. *Id.* Rule 6(e)(2)(B) is not a subpoena. If Wayne County had employed a proper device, it may have been entitled to the documents. As it stands, however, Wayne County has attempted to obtain the documents with a rule that does not give it such power.

V.

Although the district court may have erred in deciding that the documents at issue were matters occurring before the grand jury, we find that the decision not to force disclosure of the documents was correct. We do not rely on the court's mistaken statement of a standard that this Court unwittingly modified, but find that because Wayne County failed to make use of a proper method for compelling documents, they should not be disclosed. We thus AFFIRM the decision of the district court.