## In re HUGHES DRILLING COMPANY, Debtor.

### Bankruptcy No. 86–5947–A.

United States Bankruptcy Court, W.D. Oklahoma.

June 26, 1987.

Kenneth Spears, Oklahoma City, Okl., trustee.

Stanley Johnston, Oklahoma City, Okl., for the Oklahoma Tax Com'n.

## MEMORANDUM DECISION

RICHARD L. BOHANON, Bankruptcy Judge.

The Oklahoma Tax Commission seeks an order requiring the trustee to collect and remit applicable sales taxes upon an auction sale of personal property of the estate. Under an agreement the trustee collected the tax and placed it in a segregated account pending determination of the Commission's claim.

The Oklahoma Sales Tax Code imposes a tax, with exceptions not pertinent here, upon all sales of tangible personal property within Oklahoma. Okla.Stat. tit. 68, §§ 1350–1372 (1981 & Supp.1986). The Tax Code defines a "vendor" as "[a]ny person making sales of tangible personal property or services in this state, the gross receipts or gross proceeds from which are taxed by this article." *Id* § 1352(R)(1) (Supp.1986). A " '[p]erson' means any ... estate, ... receiver or trustee appointed by any state or federal court...." *Id.* § 1352(I) (Supp. 1986). " 'Sale' means the transfer of either title or possession of tangible personal property for a valuable consideration regardless of the manner, method, instrumentality, or device by which the transfer is accomplished in this state...." *Id.* § 1352(L) (Supp.1986). Accordingly, it appears the Oklahoma Sales Tax Code includes the bankruptcy estate and trustee within its provisions.

This issue was previously addressed by this court in *Babb v. Oklahoma (In re Rhea)* 17 B.R. 789 (Bankr.W.D.Okla.1982), where the Commission's claim for sales or use tax upon liquidation sales by the trustee was denied as "an undue burden upon the federal bankruptcy court's process." *Id.* at 793. It was also held that neither the trustee nor the estate were liable for sales taxes resulting from bankruptcy liquidation sales of personal property. The Commission's present motion requests a review of *Rhea.*

*Rhea* adopted the reasoning of the Court of Appeals for the Ninth Circuit in California State Board of Equalization v. Goggin, 245 F.2d 44 (9th Cir.1957) *cert. denied,* 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957). *Rhea* and *Goggin* represent one of two views developed by courts to insulate the trustee and estate from state sales tax liability in conducting liquidation sales.

Another view concerns 28 U.S.C.A. § 960 (West 1968). It states:

Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.

This second view finds liquidation sales are not "conducting any business" within the purview of § 960. *Great American Bank of Broward County v. McCracken (Matter of Cusato Brothers International, Inc.),* 750 F.2d 887 (11th Cir.1985), *cert. denied,* 472 U.S. 1010, 105 S.Ct. 2707, 86 L.Ed.2d 722 (1985).

Other decisions have labored over different interpretations of § 960. *E.g., Bezanson v. Maine (In re Warmings A.G. Food Center),* 50 B.R. 748 (D.Me.1985); *In re Sonner,* 53 B.R. 859 (Bankr. E.D.Va.1985); *In re Samoset Associates,* 14 B.R. 408 (Bankr. D.Me.1981); *In re Supergrate Open Steel Flooring Co.,* 1 B.R. 660 (Bankr.C.D.Cal.1979); *c.f. Missouri v. Gleick,* 135 F.2d 134 (8th Cir.1943). We believe, however, the proposition is really a fundamental constitutional question concerning whether the Oklahoma Sales Tax Code burdens or impedes the federal bankruptcy process.

The Oklahoma Sales Tax Code requires the seller, as agent for the state, to collect the tax from the purchaser. Okla.Stat. tit. 68, § 1361(A) (1981). The rationale that a sales tax imposed upon liquidation sales burdens the bankruptcy process originates from the belief taxing power involves the power to destroy. *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 431, 4 L.Ed. 579 (1819). Although *McCulloch* held states could not tax a federal instrumentality, the Supreme Court has developed the "legal incidence test" applying a practical criterion allowing state taxation where there is no direct burden upon the federal government and the tax is nondiscriminatory. *Alabama v. King & Boozer,* 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed.3 (1941); *James v. Dravo Contracting Co.,* 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155 (1937). Accordingly, "[t]he cases find no implied immunity unless state law purports to hold the United States or its instrumentalities liable for the tax, or attempts to make federal property subject to a lien in the event of nonpayment." Tribe, American Constitutional Law at 398 (1978); *see generally id.* at 391–99. "Absent discriminatory application against sellers and buyers at liquidation sales, a sales or use tax should not seriously impede the federal bankruptcy process." Note, *State Taxation of Bankruptcy Liquidations: Federalism Misconceived,* 67 Yale L.J. 335, 341 (1957); *see* Wurzel, *Taxation During Bankruptcy Liquidation,* 55 Harv.L.Rev. 1141 (1942).

█ The trustee is a representative of the estate, not an officer, agent, or instrumentality of the United States. 11 U.S.C.A. § 323(a) (West 1979); 2 *Collier on Bankruptcy* ¶ 323.01 (15th ed. 1985). The imposition of sales taxes upon liquidation sales of estate assets is not a tax imposed upon the United States or its instrumentalities. It does not hamper federal activities or undermine constitutional prerogative or congressional intent in the area of bankruptcy. "The ultimate economic burden falls on the unsecured creditors, who also bear the burden of collection if the trustee is an agent of the bankrupt's estate; and they, unlike the court, have no claim to

constitutional immunity." 67 Yale L.J. at 338. Accordingly, we find the imposition of sales tax upon liquidation sales of tangible personal property does not impair the bankruptcy process.

From the foregoing analysis, we conclude a trustee must collect sales tax from purchasers of personal property sold at liquidation. We reach this result even in the absence of 28 U.S.C. § 960.

In arriving at this conclusion we agree with the Courts of Appeal for the Fifth and Second Circuits which hold sales taxes may be imposed on assets sold at liquidation sales by a bankruptcy trustee. *Blackmon v. Nichols (Matter of Hatfield Construction Co.)*, 494 F.2d 1179 (5th Cir.1974); *City of New York v. Jersawit (In re Leavy)*, 85 F.2d 25 (2d Cir.1936); *accord Wyoming v. Sunrise Construction Co. (In re Sunrise Construction Co.)*, 39 B.R. 668 (D.Wyo.1984).

■ The Commission's motion is granted and *Rhea* is overruled.[1]

---

**1.** Because of past reliance on *Rhea* and the undue hardship retroactive application could cause, this decision will be given prospective effect and apply only to sales held after entry of this order. *See England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 422, 84 S.Ct. 461, 468, 11 L.Ed2d 440 (1964).